33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James BANH, Defendant-Appellant.
 No. 93-50185.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Banh appeals his 60-month sentence imposed following entry of a guilty plea to two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Banh's counsel submitted a brief identifying two possible issues for review: whether the district court erred by (1) declining to depart downward based on sentence entrapment and (2) failing to depart sua sponte on the basis of youthful lack of guidance. Counsel also filed a motion to withdraw as counsel of record. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, see United States v Conkins, 9 F.3d 1377, 1384 (9th Cir.1993) and affirm Banh's sentence.
 
 
 4
 Banh pleaded guilty to possession of over three kilograms of cocaine, a quantity that subjected him to a minimum sentence of 60 months. See 21 U.S.C. Sec. 841(b)(1)(B)(ii). The Guidelines range was 57 to 71 months. The district court imposed the minimum mandatory sentence.
 
 
 5
 "[W]hen a statute requires a sentence different than that set by the guidelines, the statute controls." Conkins, 9 F.3d at 1387 (citation omitted); see U.S.S.G. Sec. 5G1.1. Where, as here, the government does not request a downward departure based on the defendant's assistance to the authorities, the district court is "presumptively without power to circumvent the mandatory minimum." United States v. De La Fuente, 8 F.3d 1333, 1340 (9th Cir.1993) (quoting United States v. Vilchez, 967 F.2d 1351, 1355 (9th Cir.1992)). Absent a motion by the government, departure below the statutory minimum is appropriate only if the government's failure to request a departure constitutes a breach of the plea agreement, or is otherwise unconstitutionally motivated. De La Fuente, 8 F.3d at 1340; Vilchez, 967 F.2d at 1355.
 
 
 6
 Here, the plea agreement did not obligate the government to request a departure in exchange for Banh's cooperation, and nothing in the record indicates that the government's failure to do so was unconstitutionally motivated. Consequently, even if lack of youthful guidance or sentence entrapment constitutes a permissible basis to depart below the Guideline range in this case, the sentencing court lacked authority to depart below the statutory 60-month minimum. See Conkins, 9 F.3d at 1387; Vilchez, 967 F.2d at 1356-57.
 
 
 7
 The motion of counsel to withdraw is GRANTED and the sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3